■ S. BERZAL & CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 33567.) — Appeal from a judgment of the Court of Claims which awarded damages for the appropriation of lands of claimant for Thruway purposes. Claimant testified that in 1948 he purchased farm lands of 80 acres, of which the 7-acre parcel appropriated in 1955 was a part, for the purpose of developing the topsoil thereon for use in his business of growing mushrooms. The process includes the fertilizing of the soil and, about 18 months before use, clearing the land and further enriching the soil by planting and turning cover crops, then weeding the land and removing and storing the soil for ultimate use at the site of claimant's mushroom-growing operation. The soil had (at the time of the trial in 1958) been developed and removed from a substantial portion of the 80 acres but on the appropriated parcel only the preliminary fertilizing was ever accomplished. An award of $5,000 was made on the basis of a supposed market value of $1 per cubic yard for 5,000 cubic yards of topsoil. This theory of damage was clearly in error. The basic factor is always the fair market value of the land as land, whether that factor be applied to the land actually taken or be employed in computation of the difference between the value of the land before the taking and that of any part remaining. It is obvious that market value may often be found to be enhanced by the existence upon the land of soil or other deposits having

special or independent value upon severance, but the measure remains the value of the land and not that of its product or component. (See *Matter of Huie*, 1 A D 2d 500 and cases there cited; *Sparkill Realty Corp.* v. *State of New York*, 254 App. Div. 78, affd. 279 N. Y. 656.) Judgment reversed on the law and the facts and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ., Concur. [10 Misc 2d 436.]